FILED - GR
September 24, 2021 11:14 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: tb  SCANNED BY: TB 9/24/21

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

T.S. a minor, K.S. a minor,
R.S. a minor, C.S. a minor,
by and through their parent,

Alan Staats II

    Plaintiffs,

vs.

KENTWOOD PUBLIC SCHOOLS
BOARD OF EDUCATION; KEVIN
POLSTON in his individual capacity and
in his official capacity as Superintendent of
Kentwood Public Schools; and MARY (MIMI)
MADDEN, ALLEN YOUNG, PETE BATTEY,
ANGIE FORTON, ANGELA HOVERMALE,
SYLVIA JAMES, and JAMES LEWIS all in their
individual capacities and in their capacities
as members of the Kentwood Public Schools
Board of Education

    Defendants.

Case No.
Hon.

**1:21-cv-832**
**Paul L. Maloney**
**United States District Judge**

---

*Pro Se*
Alan Staats II
6728 Summerbreeze Dr. SE
Caledonia MI 49316
616-438-3710
alan.staats@gmail.com

---

## MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's Motion for the following: 1) a temporary restraining order to vacate and set aside the Kentwood Public School Board of Education's mask mandate as well as any other action taken by the Kentwood Public School Board of Education (the "School Board" or the "Board") to institute the mask mandate and implement the provisions of the mask policy; 2) a temporary restraining order enjoining the School Board, its supervisor, Board

members, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the School Board's mask policy and from taking any other action to implement the masking policy that is not in compliance with applicable law; 3) a temporary order restoring the status quo, which means the mask mandate is vacated; 4) an order to show cause why a preliminary injunction should not issue; and 5) an order authorizing expedited discovery against the Defendants. The School District has already begun classes and this Plaintiffs respectfully request that the Court consider its Motion for Temporary Restraining Order as soon as possible, since irreparable harm has already commenced.

Plaintiffs, move pursuant to 15 U.S.C. § 1116, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restoring the status quo by restraining the Kentwood Public School Board of Education, from adhering to the universal masking of the students, staff and visitors. Because Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said Motion is GRANTED.

## Preliminary Statement/Introduction

The Defendant's actions have harmed and will continue to irreparably harm Plaintiffs by subjecting Plaintiffs, T.S., K.S., R.S., C.S., minor children, to an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase. Additionally, everyday use of a mask that covers the mouth and nose may have possible side effects or potential hazards as stated in Stephen E. Petty's Affidavit, Exhibit v, page 5 (**EXHIBIT G** of Plaintiff's Complaint), which includes the following:

Figure 5. Diseases/predispositions with significant risks, according to the literature found, when using masks. Indications for weighing up medical mask exemption certificates.

- Internal Diseases: COPD, Sleep Apnea Syndrome, Advanced Renal Failure, Obesity, Cardiopulmonary Dysfunction, Asthma.
- Pediatric Diseases: Asthma, Respiratory diseases, Cardiopulmonary Diseases, Neuromuscular Diseases, Epilepsy.
- Psychiatric Illness: Claustrophbia, Panic Disorder, Personality Disorders, Dementia, Schizophrenia, helpless patients, fixed and sedated patients.
- ENT Diseases: Vocal Cord Disorders, Rhinitis and obstructive diseases.
- Dermatological Diseases: Acne; Atopic.
- Neurological Diseases: Migraines and Headache sufferers, Patients with intracranial Masses, Epilepsy.

The entry of a Temporary Restraining Order is in the public interest, and will not harm the children, adults and the community. It will provide an opportunity to gather scientific and medical information as well as a measured review of this critical health and safety issue, instead of a last-minute, and uninformed decision by the School Board.

By enjoining this plan, the Court will restore the status quo through upholding the Constitutional safeguards of notice and hearing before the School Board may attempt to change a School District Policy, as well as rational decision making. Irreparable harm will ensue if the safety of all in attendance in the school and the surrounding communities and families are not protected by the status quo through the Court's vacating the School Board's mask mandate.

Plaintiffs seek limited relief: for the Court to return the Status Quo of not requiring universal masking as was directed by the Superintendent of the Kentwood Public Schools on August 17, 2021.

## The Parties

- Plaintiffs T.S., K.S., R.S., and C.S., are minor children who resides in Kentwood Public School District), in Kent County, Michigan. Plaintiffs, T.S., K.S., R.S., and C.S are and

was at all times relevant hereto a student in the Kentwood Public School District. Suit is brought herein on T.S., K.S., R.S., and C.S. behalfs by their father Alan Staats II. Plaintiff, Alan Staats II, an adult individual who is a resident and taxpayer in the Kentwood Public School District, in Kent County, Michigan.

- Defendants are the Kentwood Public School District Board of Education (the "School Board" or the "Board"); Kevin Polston in his individual capacity and in his official capacity as Superintendent of the Kentwood Public Schools and Mary (Mimi) Madden, Allen Young, Pete Battey, Angie Forton, Angela Hovermale, Sylvia James, And James Lewis all individual elected officials sued in their individual capacity and in their capacity as members of the Kentwood Public Schools Board of Education (collectively, "Defendants")

## Jurisdiction

This Court has jurisdiction over this action to enjoin the Kentwood Public School District from actions that violate the United States Constitution, as well as the Plaintiffs' civil rights under 42 U.S.C. Section § 1983, under 28 U.S.C. §1331, §1343(a)(3) and Plaintiffs' claims under the Michigan Constitution pursuant to 28 U.S.C. §1367.

## Injunctive Relief

1. As set forth above, Defendants have breached its legal obligations to Plaintiffs and all similarly situated students by instituting a mask mandate while acting outside its legal authority, without proper notice, without consideration of required information including reliance interests and facts, and acting arbitrarily and capriciously.

2. Plaintiff and all similarly situated children enrolled in Kentwood Public School District schools have suffered and will continue to suffer immediate and irreparable harm unless

Defendants' implementation of the mask mandate is vacated and set aside. Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase. Additionally, everyday use of a mask that covers the mouth and nose may have possible side effects or potential hazards as stated in Stephen E. Petty's Affidavit, Exhibit v, page 5 (**EXHIBIT G** of Plaintiff's Complaint), which includes the following:

> Figure 5. Diseases/predispositions with significant risks, according to the literature found, when using masks. Indications for weighing up medical mask exemption certificates.
> - Internal Diseases: COPD, Sleep Apnea Syndrome, Advanced Renal Failure, Obesity, Cardiopulmonary Dysfunction, Asthma.
> - Pediatric Diseases: Asthma, Respiratory diseases, Cardiopulmonary Diseases, Neuromuscular Diseases, Epilepsy.
> - Psychiatric Illness: Claustrophbia, Panic Disorder, Personality Disorders, Dementia, Schizophrenia, helpless patients, fixed and sedated patients.
> - ENT Diseases: Vocal Cord Disorders, Rhinitis and obstructive diseases.
> - Dermatological Diseases: Acne; Atopic.
> - Neurological Diseases: Migraines and Headache sufferers, Patients with intracranial Masses, Epilepsy.

3. No adequate remedy at law exists to redress Plaintiffs' injuries, since monetary damages will neither compensate for the harm nor compel Defendants to set aside their illegal implementation of the universal masking policy.

4. There is a substantial likelihood that Plaintiffs will succeed on the merits.

5. The harm to Plaintiff and all other students, teachers, staff and administration if injunctive relief is denied substantially outweighs the potential harm to Defendants as a result of the injunction. The balance of equities between the parties supports an injunction, as Plaintiffs stand to suffer immediate and severe harm, whereas Defendants stand to suffer no harm.

6.  The public interest is best served by enjoining and restraining Defendant's unlawful and improper conduct and protecting the status quo by prohibited Defendants from implementing a mask mandate.

Therefore, Plaintiff respectfully requests that this honorable Court enter and order granting Plaintiff's Motion for a Temporary Restraining Order and order Defendants to VACATE the Universal Masking Policy implemented on August 17, 2021.

Respectfully submitted,

BY: /s/ Alan Staats II
Alan Staats II
*Pro Se*
6728 Summerbreeze Dr.
Caledonia MI 49316
alan.staats@gmail.com

Dated:___9/18/21