UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN STAATS II,                          )
                    Plaintiff,           )
                                         )        No. 1:21-cv-832
-v-                                      )
                                         )        Honorable Paul L. Maloney
KENTWOOD PUBLIC SCHOOLS                  )
BOARD OF EDUCATION, ET AL.,              )
                    Defendants.          )
_____  )

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff Alan Staats's motion for a temporary restraining order ("TRO") (ECF No. 2) on behalf of his minor children who attend Kentwood Public Schools. Plaintiff alleges that a Kent County public health order[1] and a Kentwood Public Schools policy (ECF No. 1-2) that require the use of facial coverings in educational settings violate his procedural and substantive due process rights under the United States Constitution and the Michigan Constitution. For the following reasons, Plaintiff's motion is denied.

### A. Procedural Requirements

As a preliminary matter, Plaintiff has not met the requisite procedural requirements for filing a motion for TRO. The Court may not issue a TRO without written or oral notice to the adverse party unless specific facts in an affidavit or a verified complaint show that

---

[1] The Kent County public health order is available at https://www.accesskent.com/Health/covid-19-public-orders.htm. It was not included as an exhibit in Plaintiff's complaint. Further, Plaintiff has not sued any officials from the Kent County Health Department, yet he challenges the constitutionality of this Kent County public health order. The current defendants in this case have no authority to pass the Kent County order, nor are they permitted to participate in the decision-making process for Kent County health orders.

irreparable injury will result before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Also, Plaintiff must certify in writing any efforts made to give notice to the other party and why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). First, Plaintiff has not filed any affidavits or a verified complaint. Plaintiff included an affidavit from Stephen E. Petty, which discusses the effectiveness of masks, as Exhibit G to his complaint (ECF No. 1-7), but this affidavit is for a completely different case, in a different jurisdiction, with different parties and will not suffice. *See P.M. v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-1711, 2021 WL 4148719 (N.D. Ohio Sept. 13, 2021). Second, Plaintiff has not included a certification of any effort made to give notice, nor given any reason why notice should not be required. The motion for TRO can be denied on procedural grounds alone.[2]

### B. Standard for a TRO

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion."). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ.

---

[2] On September 15, 2021, a *pro per* plaintiff filed a similar request in the Western District of Michigan to enjoin Holton Public Schools for enforcing their mask mandate. In his order denying the TRO, Judge Jonker noted that although the plaintiff was properly acting on behalf of her children and she has a right to represent herself, she cannot adequately represent the interests of her children in litigation. Judge Jonker then encouraged the plaintiff to seek counsel before proceeding with case. Similarly, in the present case, the Court recommends the same. Plaintiff is advised to seek counsel to ensure that he adequately represents the interests of his children.

P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be met, but they are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

Regarding the first factor, a showing of success on the likelihood of the merits, Plaintiff has failed to satisfy his burden. Over the last year and a half, courts have looked to *Jacobson v. Massachusetts*, 197 U.S. 11 (1905) to infer that a rational basis standard applies to generally applicable vaccine mandates. *See, e.g.*, *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) ("Plaintiffs assert that the rational-basis standard used in *Jacobson* does not offer enough protection for their interests and that courts should not be as deferential to the decisions of public bodies as *Jacobson* was, but a court of appeals must apply the law established by the Supreme Court."); *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring) (stating that *Jacobson* essentially applied a rational basis standard). Moreover, this Court recently applied a rational basis standard to deny a motion for a TRO against an Ingham County order requiring masks for all K-5

students. *See Resurrection Sch. v. Hertel et al.*, No. 1:20-cv-1016, 2021 WL 4099573 (W.D. Mich. Sept. 3, 2021).

For Plaintiff to satisfy his burden, he must show that the Kent County and Kentwood Public Schools policies are not rationally related to a legitimate government interest. Plaintiff's motion for TRO fails to make any arguments regarding the likelihood of the merits or why the policies are irrational.[3] If the Court looks to Plaintiff's complaint, he vaguely alleges that the policies violate his substantive and procedural due process rights under the United States and Michigan Constitutions. But without more explanation, the Court cannot grant a TRO on what appear to be meritless assertions.

Next, under factor two, Plaintiff alleges that his children will face an irreparable harm of a "drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase, and in some cases, a significant blood pressure increase" (ECF No. 2 at PageID.286). As support, he cites to Stephen Petty's affidavit (again, which is evidence from a different federal case) that discusses possible adverse health effects from wearing a mask (ECF No. 2 at PageID.289). In *Mayfield City Sch. Dist. Bd. of Educ.*, 2021 WL 4148719, at *3, the case that Mr. Petty provided his affidavit in, the court stated, "it appears Mr. Petty's testimony primarily relates to the *effectiveness* of masks, rather than their potential health risks . . . Furthermore, Plaintiff fails to show any personal harm her child has suffered as a result of the [school's mask] policy." Thus, the plaintiff in that case failed

---

[3] Plaintiff's motion for TRO makes one statement regarding the success on the merits: "There is a substantial likelihood that Plaintiffs will succeed on the merits" (ECF No. 2 at PageID.289). The motion contains no argument supporting this statement.

to establish irreparable harm by relying on Mr. Petty's affidavit. Similarly, in solely relying on Mr. Petty's affidavit in the present matter, Plaintiff has failed to show that his children will face an irreparable harm by wearing masks at school.[1]

Finally, in evaluating the interests of others and the public, this factor also weighs in favor of denying a TRO. The public has a strong interest in seeing every measure taken to reduce the spread of COVID-19, including the use of face coverings. As children are not eligible to receive the COVID-19 vaccine, they are especially vulnerable to the virus, and precautionary measures, such as wearing masks, should be taken to keep them safe.

Given that all factors weigh in favor of denying Plaintiff's motion for temporary restraining order, Plaintiff's motion is denied. This denial maintains the status quo by keeping the existing mask mandate at Kentwood Public Schools in place, which is the purpose of a temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order is **DENIED** (ECF No. 2).

**IT IS FURTHER ORDERED** that Plaintiff must serve a copy of his complaint (ECF No. 1), a copy of his motion for a temporary restraining order (ECF No. 2), and a copy of this Order on Defendants as soon as reasonably possible and no later than Friday, October

---

[1] The Court also feels compelled to note that the Kent County health order went into effect on August 20, 2021, and the Kentwood Public School District notified its students on August 17, 2021, that it would be requiring face coverings during the school day. Yet, Plaintiff waited until September 24, 2021, to file this motion for TRO. His children are clearly not facing an irreparable harm if they have already been wearing masks at school for several weeks.

1, 2021, by 5:00 pm. Plaintiff must also serve the Defendants with a proof of service and file a proof of service with this Court as soon as reasonably possible.

**IT IS SO ORDERED.**

Date:  September 27, 2021                              /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge